## Dives v. Wise

*Zieber & Snyder*, for plaintiff; *Ellwood H. Deysher*, for defendant.

SCHAEFFER, P. J., July 5, 1932.—This is a suit upon a book account. The plaintiff seeks to recover a balance alleged to be due from defendant for certain building materials. The purchase and delivery of the materials were not in issue. The only difference between the parties was as to the amount of the discount to which defendant was entitled. He claimed successive discounts of five per cent. and of four per cent. upon all purchases; the plaintiff contended that the agreement was that defendant's discounts should be five per cent. on lumber and millwork and two per cent. on mason materials. A verdict for the defendant was entered.

Upon this application for a new trial the only matter worthy of consideration is the alleged error or misunderstanding on the part of the court in entering that verdict. The written verdict as brought in by the jury was as follows: "We, the jurors empanelled in the above case, find a verdict in favor of the defendant William J. Wise, to receive five per cent. and two per cent. on the whole amount of the bill." After consideration, we are clearly of the opinion that our entry of a general verdict for the defendant upon this was wrong. In finding that defendant was entitled to five per cent. and two per cent., the jury found that defendant was not entitled to the five per cent. and four per cent. which he claimed. Of course, the verdict should not have been received; the jury should have been directed to apply their findings to the admitted purchases and determine whether the defendant was indebted to plaintiff or not. It is true that the oral verdict rendered in open court is controlling and can be upheld even though in conflict with the written verdict handed in by the jury at the same time; but as pointed out by Judge Endlich, in a case of similar circumstances, Merritt et al. *v.* Becker, 17 Berks Co. L. J. 74, "after all the object of every judicial proceeding is to do justice to the parties." See, also, Milliron *v.* Jefferson County, 13 D. & C. 552.

In the interest of justice, a new trial should here be granted.

And now, to wit, July 5, 1932, the rule for a new trial is made absolute.

From Charles K. Derr, Reading, Pa.